IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| **IRIS McCLAIN,** | * |
| Appellant, | * |
| v. | *    Case No.: GJH-18-3692 |
| **BANK OF NEW YORK MELLON,** *et al.*, | * |
| Appellees. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

In this action, Appellant Iris McClain appeals the Bankruptcy Court's denial of a Motion to Strike or Vacate a previous Order. ECF No. 1. A hearing on the Motion is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, the Motion is denied.

**I.   BACKGROUND[1]**

Appellant McClain filed for Chapter 13 bankruptcy on September 12, 2016. *See* No. 16-22179 (Bankruptcy Proceeding). As relevant here, McClain moved to disallow claims filed by Appellees Bank of New York Mellon and Wells Fargo. ECF No. 48. The Bankruptcy Court denied this motion, as well as several motions for reconsideration, in October 2017. *See* ECF Nos. 70, 72, 74, 79, 84. In particular, as relevant here, on October 31, 2017, the Bankruptcy Court denied a motion for reconsideration and noted that McClain's case had been dismissed. ECF No. 79.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

On October 11, 2018, McClain filed a Motion to Strike or Vacate the October 31, 2017 Order pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 130, which the Bankruptcy Court denied on October 15, 2018, ECF No. 131. After receiving an extension, ECF No. 135, McClain then appealed to this Court on November 28, 2018, *see* No. 18-3692, ECF No. 1 (District Court Proceeding). The case was assigned to Judge Chuang, who affirmed the Bankruptcy Court's ruling on May 31, 2019. ECF No. 12. Judge Chuang found that McClain could not obtain relief from the Order because there was no surprise, inadvertence, excusable neglect; fraud; newly discovered evidence; or any other reason. *Id.* at 3. Judge Chuang dismissed the appeal. *Id.* at 5.

On December 6, 2021, the Clerk of the Court filed a correspondence disclosing a conflict in the case. ECF No. 13. The Clerk noted that Judge Chuang became aware that a member of his family owned stock in Wells Fargo & Company at some point during the pendency of the action. *Id.* at 1. Though the ownership did not affect the decision in the case, "such stock ownership would have required recusal[.]" *Id.* The parties were directed to respond to the conflict disclosure and instructed that any response would be considered by another judge on the court. *Id.* On December 27, 2021, McClain requested vacatur or reversal of Judge Chuang's dismissal pursuant to Federal Rule of Civil Procedure 60(b)(4) or (6). ECF No. 14 at 2. Appellees oppose, ECF No. 15, and McClain replied, ECF No. 16.

II.     DISCUSSION

Given Judge Chuang's determination that recusal was appropriate, this Court will directly address the appeal from the Bankruptcy Court as if it had been originally before it.

During bankruptcy proceedings, McClain filed a Motion to Disallow Claims. *See* No. 16-22179, ECF No. 48 (Bankruptcy Proceeding). The Bankruptcy Court held a hearing on the

2

Motion on October 17, 2017 and denied the Motion. ECF No. 70. The denial was memorialized in a written Order and entered on the docket on October 23, 2017. ECF No. 72. McClain's first Motion for Reconsideration, ECF No. 68, was denied on October 27, 2017, ECF No. 74. The Bankruptcy Court then denied another Motion for Reconsideration on October 31, 2017. ECF Nos. 77, 79. The third Motion for Reconsideration was denied on November 3, 2017. ECF No. 85.

McClain then filed a Motion to Strike or Vacate the bankruptcy court's October 31, 2017 Order pursuant to Federal Rule of Civil Procedure 60(b), which is applicable to bankruptcy court proceedings through Federal Rule of Bankruptcy Procedure 9024. *See* ECF No. 130. The Bankruptcy Court denied this Motion. ECF No. 131. McClain appealed to this Court. *See* No. 18-3692, ECF No. 1 (District Court Proceeding).

Pursuant to Rule 60(b), a party may obtain relief from judgment or an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"For relief under Rule 60(b), plaintiff must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 660 (D. Md. 2019) (citing *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). "'After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b).'" *Id.* (quoting *Dowell v. State Farm Fire & Cas. Auto.*

*Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). The denial of a Rule 60(b) motion is generally reviewed for abuse of discretion. *See In re Myers*, No. 17-cv-149-ELH, 2017 WL 2833255, at *7 (D. Md. June 30, 2017). "In conducting its review of the bankruptcy court's ruling on a motion to vacate, the district court does not 'review the merits of the underlying order but rather only whether the movant satisfied the requirements for Rule 60(b) relief.'" *Id.* (quoting *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017)).

     First, this Court finds that McClain did not satisfy the "threshold inquiry" required of a Rule 60(b) motion. McClain has attempted to appeal the denial of her motion to disallow claims in some form over several years.[2] However, McClain failed to timely appeal the motion, and it was dismissed for untimeliness. *See* No. 17-3397 (District Court Proceeding). A Rule 60(b) motion may not be used as a "substitute" for a timely appeal. *See Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992)). Thus, McClain lacks a meritorious claim. Additionally, Appellees may be prejudiced by the extent of re-litigation of issues in this case. *See* ECF No. 9 at 14 (Appellees' brief arguing that Appellees face unfair prejudice because the "Mortgage Loan has been in default for over a decade. Ms. McClain's continued pursuit of this litigation further strips the secured creditor of its rights to mitigate the loss resulting from [McClain's] default.").

     Second, even if McClain satisfied the threshold inquiry for Rule 60(b), she has failed to satisfy any of the six categories for relief. McClain first argues that there was mistake, that the Order was induced by fraud, and that there was "excusable neglect," ECF No. 8 at 8, but she makes only generalized claims, which are not supported by any substance, *id.* at 9.

---

[2] In addition to this action, McClain also appealed the closure of the bankruptcy case, and the district court overseeing the appeal detailed the extent of the litigation of these issues. *See McClain v. Branigan*, No. 19-cv-1978-PX, 2020 WL 1675988, at *1 (D. Md. Apr. 6, 2020).

McClain next argues that she was denied due process. ECF No. 8 at 11. McClain filed three motions for reconsideration before the Bankruptcy Court and at least two appeals to the District Court, all centered on whether Appellees' claims should be disallowed. McClain has fully litigated these issues. McClain then argues that the Bankruptcy Court judge was not fair and should have recused herself but gives no valid reasoning as to why. *Id.* at 13. Additionally, most of McClain's arguments go to the merits of the underlying Order. *See id.* at 10–13. A Rule 60(b) motion may not be used to relitigate the merits of the underlying judgment. *See Coleman*, 633 F. at 120. Finally, there is "no other reason" that justifies relief. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). Rule 60(b)(6) allows relief for "extraordinary circumstances," which are not present here.[3]

### III. CONCLUSION

For the reasons discussed, the Bankruptcy Court's Order is affirmed, and Appellant McClain's appeal is dismissed. A separate Order follows.

Dated: April 29, 2022

/s/
GEORGE J. HAZEL
United States District Judge

---

[3] Judge Chuang made similar findings in his Memorandum Order dismissing this Motion. *See* ECF No. 12. Judge Chuang also applied the Rule 60(b) factors and found that the Bankruptcy Court did not abuse its discretion in dismissing the Motion. *Id.* at 4. Pursuant to Rule 60(b)(4) and (6), McClain may be entitled to relief from Judge Chuang's dismissal if the "judgment is void" or if there is "any other reason that justifies relief." A judgment is "void" "'only if the court lacked personal or subject matter jurisdiction or acted contrary to due process of law.'" *Wells Fargo Bank, N.A. v. AMH Roman Two NC*, LLC, 859 F.3d 295, 299 (4th Cir. 2017) (quoting *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005)). As noted, "any other reason" only denotes "extraordinary circumstances." *Id.* Judge Chuang's analysis is in line with this Court's review of the Motion, and neither category is applicable.